UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JERRY W. JONES,
    Plaintiff

v.

JULIAN CASTRO,
    Defendant

Civil Action No. 15-310 (CKK)

**MEMORANDUM OPINION and ORDER**
(August 11, 2016)

In this case brought under Title VII of the Civil Rights Act of 1964, as amended, Plaintiff Jerry Jones asserts retaliation and discrimination claims regarding actions of his employer, the United States Department of Housing and Urban Development ("HUD"). Before the Court is Plaintiff's [24] Motion for Leave to Amend Complaint. Previously, the Court granted in part and denied in part Defendant's [10] Motion for Judgment on the Pleadings. The Court granted the motion with respect to Plaintiff's retaliation claim and dismissed that claim with prejudice. The Court also granted the motion with respect to Plaintiff's discrimination claims insofar as they were based on adverse actions *other than* the five-day suspension and reassignment of Plaintiff by HUD.[1] The Court otherwise denied the motion. After the Court resolved that motion but before the Court held an Initial Scheduling Conference and set a period for discovery, Plaintiff moved to amend the complaint. Through that motion, Plaintiff seeks to (a) add a new retaliation claim based on an alleged conspiracy to coerce him to retire and (b) add additional allegations in support of the retaliation claim that the Court previously dismissed with prejudice. It is that

---

[1] HUD officials originally proposed to terminate Plaintiff's employment. Subsequently, the HUD decisionmaker, Patricia Hoban-Moore, determined that termination was not warranted. Instead, Plaintiff was suspended for five days and was reassigned to a different position within the agency.

motion that is now before the Court. Upon consideration of the pleadings,[2] the relevant legal authorities, and the record for purposes of this motion, the Court DENIES Plaintiff's [24] Motion for Leave to Amend Complaint. For the reasons stated below, the Court concludes that the proposed amendment is futile, and therefore, the Court denies the motion.

## I. BACKGROUND

The pertinent background of this case, including the statutory and regulatory framework, the factual background, and the procedural background, were laid out previously by this Court in Jones *v. Castro*, No. CV 15-310 (CKK), 2016 WL 777917, at *1-*5 (D.D.C. Feb. 29, 2016). There is no need to do so here once again, and the Court reserves further presentation of the relevant background for the discussion below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides that "any order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A motion to reconsider brought under Rule 54(b) may be granted "as justice

---

[2] The Court's consideration has focused on the following documents:
- Pl.'s Mot. for Leave to Amend Compl. ("Pl.'s Mot."), ECF No. 24;
- Def.'s Opp'n to Pl.'s Mot. ("Def.'s Mot."), ECF No. 28; and
- Pl.'s Reply in Support of Mot. for Leave to Amend Compl. ("Pl.'s Reply"), ECF No. 30.

Because the Court will not follow the parties down the factual rabbit hole in which they seem to have fallen, and in light of the Court's resolution of the issues presented in the motion to amend, the Court does not find Defendant's proposed surreply to be of assistance in resolving the issues presented to the Court. The Court denies Defendant's [33] Motion for Leave to File Surreply and denies as moot Plaintiff's [34] Motion to Strike Proposed Surreply.

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

requires." *Singh v. George Wash. Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).

Under the "as justice requires standard," it is appropriate to grant a Rule 54(b) motion "when the Court has patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, [or] has made an error not of reasoning but of apprehension." *Lemmons v. Georgetown Univ. Hosp.*, 241 F.R.D. 15, 22 (D.D.C. 2007) (quoting *Singh*, 383 F. Supp. 2d at 101). "Errors of apprehension may include the Court's failure to consider controlling decisions or data that might reasonably be expected to alter the conclusion reached by the Court." *Id.* (internal formatting omitted). The Court has broad discretion to consider whether relief is "necessary under the relevant circumstances." *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (internal quotation marks omitted).

Furthermore, under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within a prescribed time period. *See* Fed. R. Civ. P. 15(a)(1). Where, as here, a party seeks to amend its pleadings outside that time period, it may do so only with the opposing party's written consent or the district court's leave. *See* Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend a complaint is entrusted to the sound discretion of the district court, but leave "should be freely given unless there is a good reason, such as futility, to the contrary." *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C. Cir. 1996), *cert. denied,* 520 U.S. 1197 (1997). As the Supreme Court has observed:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182 (1962). "[A] district court has discretion to deny a motion to amend on grounds of futility where the proposed pleading would not survive a motion to dismiss." *Nat'l Wrestling Coaches Ass'n v. Dep't of Educ.,* 366 F.3d 930, 945 (D.C. Cir. 2004), *cert. denied*, 545 U.S. 1104 (2005). Review for futility is practically "identical to review of a Rule 12(b)(6) dismissal based on the allegations in the amended complaint." *In re Interbank Funding Corp. Secs. Litig.,* 629 F.3d 213, 215–16 (D.C. Cir. 2010) (quotation marks omitted). Because leave to amend should be liberally granted, the party opposing amendment bears the burden of coming forward with a colorable basis for denying leave to amend. *Abdullah v. Washington,* 530 F. Supp. 2d 112, 115 (D.D.C. 2008).

### III. DISCUSSION

The original Complaint in this case included a retaliation claim through which Plaintiff claimed that a variety of actions taken by HUD constituted retaliation for Plaintiff's previous protected Equal Employment Opportunity ("EEO") activity. Complaint ("Compl."), ECF No. 1, ¶¶ 113-121. The Court dismissed the retaliation claim in its entirety with prejudice. The Court concluded that none of the agency actions that were the purported basis for that claim *other than* Plaintiff's five-day suspension and reassignment qualified as materially adverse actions that qualified legally as bases for a retaliation claim. *Jones*, 2016 WL 777917, at *9. The Court further concluded that, insofar as the retaliation claim was based on the five-day suspension and reassignment, the Complaint failed to state a retaliation claim because "Plaintiff ha[d] not plausibly alleged that retaliation for his protected activity was the but-for cause of his suspension and reassignment." *Id.* at *12. As noted above, through the proposed amended complaint, Plaintiff now seeks (a) to add a new retaliation claim based on an alleged conspiracy to coerce him to retire and (b) to add additional allegations in support of the retaliation claim that the Court

previously dismissed with prejudice, specifically with regard to the five-day suspension and reassignment.

Although both of these proposed changes relate in some fashion to Plaintiff's allegations regarding a purported conspiracy to coerce him to retire, they raise distinct issues. Therefore, the Court first addresses the new retaliation claim that Plaintiff seeks to add to the operative complaint. The Court then addresses Plaintiff's request to add new allegations in support of the previously-dismissed claim for retaliation, which Plaintiff seeks to have reinstated with regard to the five-day suspension and reassignment.

**A. Proposed Additional Retaliation Claim**

Plaintiff seeks to add a wholly new retaliation claim based on an alleged conspiracy by members of HUD's Office of General Counsel to coerce Plaintiff into retiring prior to Hoban-Moore's decision regarding the disciplinary proceeding as to Plaintiff. Defendant argues that the alleged retirement conspiracy does not qualify as a materially adverse action that could serve as proper basis for a retaliation claim. The Court agrees.[3]

As explained by the Court in resolving Defendant's Motion for Judgment on the Pleadings, "[t]o prove unlawful retaliation, a plaintiff must show: (1) that he opposed a practice made unlawful by Title VII; (2) that the employer took a materially adverse action against him; and (3) that the employer took the action 'because' the employee opposed the practice." *McGrath v. Clinton,* 666 F.3d 1377, 1380 (D.C. Cir. 2012). "Materially adverse action would 'dissuade[ ] a

---

[3] Because the Court concludes that the alleged retirement conspiracy was not a materially adverse action, the Court need not consider Defendant's alternative argument that Plaintiff failed to exhaust his administrative remedies with respect to this claim. The Court also need not consider Defendant's argument that the proposed amended complaint does not allege facts that plausibly raise an inference of reprisal for Plaintiff's EEO activity in connection with this proposed additional claim.

5

*reasonable* worker from making or supporting a charge of discrimination.' " *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 58 (2006)) (emphasis added). "To be materially adverse, the employer's action must be more than 'those petty slights or minor annoyances that often take place at work and that all employees experience.' " *Id.* (quoting *Burlington N.,* 548 U.S. at 68).

The Court reproduces here in full Plaintiff's allegations supporting his claim that a purported conspiracy to induce him to retire was a materially adverse action:

> 127.) HUD OGC was aware of Dr. Jones' protected activity and was intimately involved in the disciplinary process involving him. By mid-November of 2011 OGC learned that the third deciding official, Ms. Hoban-Moore, was not going to sustain the proposed removal against Dr. Jones and immediately thereafter orchestrated efforts to coerce Dr. Jones to retire before the disciplinary decision was issued.
>
> 128.) It did so by providing him with false information that an unfavorable decision on the proposed removal was imminent, and that he would lose his retirement benefits if he were removed for misconduct. Defendant further suggested to plaintiff that only by retiring could he be completely cleared of any wrong doing.
>
> 129.) Plaintiff was so concerned about the possibility of losing his retirement benefits that he agreed to retire, and began completing the paperwork to do so. Only through continued, repeated efforts by plaintiff was he able to determine that the information provided by HUD was false, at which time he rescinded his agreement to retire.
>
> 130.) Defendant took materially adverse action against plaintiff that would dissuade a reasonable worker from making or supporting a charge of discrimination when it gave him false information about Ms. Hoban-Moore's impending disciplinary decision and the effect that a removal for misconduct would have on his retirement benefits, and pressured him to make an immediate decision to retire before the decision was issued.

Proposed Am. Compl., ECF No. 24-2, ¶¶ 127-30. In addition, Plaintiff's proposed amended complaint includes a new general allegation, outside of the context of the specific claims delineated, which mirrors the aforementioned allegations:

> 13.) HUD's Office of General Counsel (OGC) was involved in the disciplinary process involving Dr. Jones, including by reviewing the proposal to remove Dr. Jones before it was issued, reviewing Dr. Jones' written reply, becoming familiar with the substance of Dr. Jones' oral replies, and advising each of the deciding officials. When OGC learned that the third deciding official had decided against terminating Dr. Jones, it immediately orchestrated an attempt to coerce Dr. Jones into resigning by knowingly giving him false information and suggesting that only by retiring could he be completely cleared of any wrong doing. Dr. Jones agreed to retire before learning that the information provided by HUD was false and rescinding his agreement.

*Id.* ¶ 13.

In short, Plaintiff claims that the agency provided false information suggesting (a) that Hoban-Moore's decision was imminent and (b) that he would have to retire in order to ensure that he would not lose his retirement savings. As a result, Plaintiff began the process of completing the paperwork in order to voluntarily retire.[4] Plaintiff then abandoned this process after obtaining more accurate information regarding the impact of a potential termination on his retirement benefits.

Plaintiff characterizes representatives of the Department of Housing and Urban Development as "threatening" that he would be terminated and that he would lose his retirement savings if he did not retire voluntarily. *See* Pl.'s Rely at 6 ("Plaintiff has alleged that he was fraudulently threatened with being terminated for misconduct and losing his retirement benefits unless he immediately retired or resigned…"). However, this is not a fair characterization of the allegations in the proposed amended complaint. As noted above, the actual allegations only state that the agency provided false information regarding the Hoban-Moore's forthcoming decision

---

[4] Plaintiff argues that the Court should not resolve factual disputes at this stage of the proceedings. The Court agrees that it is prudent not to descend into the factual morass entailed in assessing the materials attached by the parties and their various arguments regarding those materials. Accordingly, the Court will not consider materials outside of the proposed amended complaint in resolving the pending motion, which requires determining whether the proposed amended complaint would fail to state a claim.

and false information regarding the ultimate *objective* consequences of being terminated. *See* Proposed Am. Compl. ¶¶ 13, 128. That is, the proposed amended complaint alleges that Plaintiff was provided false information, allegedly knowingly, regarding the outcome of ongoing proceedings and the ramifications of those proceedings. The purported "threat" is actually a characterization by HUD employees of objective information, albeit information that turned out to be incorrect, not in any way a "threat" to take action against Plaintiff. *Cf.* THREAT, Black's Law Dictionary (10th ed. 2014) ("A communicated intent to inflict harm or loss on another or on another's property, esp. one that might diminish a person's freedom to act voluntarily or with lawful consent; a declaration, express or implied, of an intent to inflict loss or pain on another"). Moreover, the information provided by HUD employees regarding any impact of termination on his retirement benefits was verifiable through other sources, and Plaintiff ultimately resolved the questions he had regarding these factual issues.

The Court concludes that these actions do not constitute a materially adverse action that can serve as the basis for a retaliation claim. As the Court noted in resolving the Motion for Judgment on the Pleadings, "[a] long line of cases from this Circuit and others have held that threats, revoked disciplinary plans, and other such ultimately unconsummated actions are not materially adverse for purposes of retaliation claims." *McNair v. D.C.*, 903 F. Supp. 2d 71, 75-76 (D.D.C. 2012) (citing cases); *see also Baloch v. Kempthorne*, 550 F.3d 1191, 1199 (D.C. Cir. 2008) (*proposed* suspension not materially adverse action). That is, actions that *would* have been materially adverse actions *if* consummated were not materially adverse actions because they were *never* ultimately consummated. So, too, here. Plaintiff was not, in fact coerced into retiring, with the attendant actual consequences. Plaintiff was only coerced into researching—perhaps anxiously—the ramifications of a termination, engaging in the thought process of considering

whether to retire, and beginning to fill out retirement paperwork. While perhaps undesirable, those actions do not rise to the level that would " 'dissuade[ ] a reasonable worker from making or supporting a charge of discrimination.' " *Bridgeforth*, 721 F.3d at 663 (citation omitted).[5]

Notably, Plaintiff never alleges that the agency threatened to take some discretionary action if Plaintiff failed to retire voluntarily. Instead, Plaintiff simply alleges that the agency presented false information as to the objective consequences of Plaintiff's ultimate choice. While Plaintiff alleges that this information was incorrect, he never claims that the agency threatened to harm him in any way. Moreover, because the agency simply was providing information about the consequences of retirement—albeit allegedly false information—it was possible for Plaintiff to verify that information through additional research, as he ultimately did, before making any definitive determinations regarding his retirement plans.

Accordingly, the Court concludes that the allegations pertaining to the purported conspiracy to induce Plaintiff to retire do not rise to the level of a materially adverse action because it would not " 'dissuade[ ] a reasonable worker from making or supporting a charge of discrimination.' " *Bridgeforth*, 721 F.3d at 663 (citation omitted). Because the purported conspiracy does not qualify as a material adverse action, the addition of this new retaliation

---

[55] Because of the posture of the pending motion, the Court does not consider materials outside of the four corners of the proposed amended complaint in determining whether the proposed amendment is futile. Plaintiff has availed himself of the opportunity to propose an amended complaint in light of the Court's previous decision in this case, and the Court holds Plaintiff to the allegations that he chose to include in his proposed amended complaint. Therefore, the Court will not canvass the record more broadly, or attempt to resolve the factual issues raised by the parties, to determine whether the proposed amended complaint is futile. But even if the Court were to review material in the record identified by Plaintiff, it would not alter the Court's conclusion that the purported conspiracy is not a materially adverse action. Specifically, because the standard for materially adverse actions is an objective one, Plaintiff's description of his own subjective reactions cannot transform the purported conspiracy into a materially adverse action.

claim would be futile. Therefore, the amendment of the complaint to allow this new claim is not warranted.

**B. Additional Allegations in Support of Dismissed Retaliation Claim**

Before assessing Plaintiff's proposal to add additional allegations in support of the retaliation claim that was previously dismissed with prejudice, it is useful to reiterate briefly the factual context for this claim. As a result of charges against him, a HUD official proposed to terminate Plaintiff's employment. *Jones*, 2016 WL 777917, at *3. Ultimately, the HUD decisionmaker, Patricia Hoban-Moore determined that terminating Plaintiff's employment was not warranted. *Id.* Instead, Plaintiff was suspended for five days and reassigned to work in a separate HUD division than the one in which he previously worked. *Id.*

To the extent that the retaliation claim in the original Complaint was based on Plaintiff's five-day suspension and reassignment—the only materially adverse action identified as the basis for that claim—the Court dismissed with prejudice the claim because "Plaintiff ha[d] not plausibly alleged that retaliation for his protected activity was the but-for cause of his suspension and reassignment." *Id.* at *12. Plaintiff now seeks to add new allegations regarding causation in an attempt to show that the claim should be reinstated as to the five-day suspension and reassignment. The Court concludes that the new allegations do not provide a basis for allowing the proposed amendment—that is, for reinstating the retaliation claim as to the five-day suspension and reassignment.

In the original Complaint, Plaintiff alleged that Hoban-Moore had "determined that HUD's charges were unsubstantiated and that Dr. Jones had to be restored to active duty and reinstated in a suitable position" by "[n]o later than November of 2011." Compl. ¶ 74. Plaintiff also previously alleged that "[i]n November of 2011, HUD notified Dr. Jones that Ms. Hoban-

Moore was about to issue a decision and that Dr. Jones should consider retiring or resigning before she did." *Id.* ¶ 76. The Court recognized this series of events, *see Jones*, 2016 WL 777917, at *3. Nonetheless, as a result of a thorough analysis of the entire series of events surrounding the only qualifying adverse action at issue—the five-day suspension and reassignment—the Court concluded that Plaintiff had not plausibly alleged a causal connection between Plaintiff's protected activity and that adverse action. *See id.* at *10-*12. There is no need to repeat that analysis here, and the Court fully incorporates it into this Memorandum Opinion and Order.

Plaintiff argues that the additional allegations show that the timeline of events that occurred in 2011 support an inference of causation regarding the suspension and reassignment. Plaintiff also argues that the additional allegations in the proposed amended complaint show a link between Plaintiff's protected activity, Hoban-Moore, and the allegedly false retirement information that Plaintiff received from other HUD officials. *See* Pl.'s Mot. at 14-15. The Court agrees with Defendant that these additional allegations provide no basis to alter the Court's previous conclusion that it was proper to dismiss the retaliation claim, as to the suspension and reassignment, because of the failure to plausibly allege causation. The Court first turns to Plaintiff's argument regarding the timeline of events, followed by his argument regarding links between his protected activity, Hoban-Moore, and the retirement information that he received.

With respect to Plaintiff's argument regarding the timeline of events underlying the retaliation claim, little discussion is necessary. Despite Plaintiff's tendentious suggestions to the contrary, the additional allegations regarding the timeline add *nothing* to the information that was before the Court in resolving Motion for Judgment on Pleadings, which addressed the original Complaint. The Court has already carefully considered that information in light of the applicable

legal standards. *See Jones*, 2016 WL 777917, at *10-*12. Accordingly, for the reasons stated at length in the Court's Memorandum Opinion resolving the Motion for Judgment on the Pleadings and incorporated here in full, these additional allegations cannot rescue the proposed amended complaint from futility. *See id.* Because the supposedly new allegations about the timeline add *nothing* to the allegations in the original Complaint, the amended retaliation claim would still fail for the same reasons that it failed when the Court evaluated the original Complaint.

With respect to Plaintiff's argument that the new allegations show a connection between Plaintiff's EEO activity, Hoban-Moore, and the retirement information that Plaintiff received, this argument fails because the new allegations provide *nothing* beyond the original Complaint that shows that the EEO activity caused the five-day suspension and reassignment. A comparison of the original Complaint and the proposed Amended Complaint is instructive. *See generally* First Amended Complaint (Redline/Strike-out Version), ECF No. 25-1. The gravamen of the additional allegations in connection with this retaliation claim is the allegation that members of the HUD Office of General Counsel were aware that, in November of 2011, Hoban-Moore had already determined how she would ultimately resolve the proceedings against Plaintiff. *See* Pl.'s Opp'n (citing Proposed Am. Compl. ¶¶ 13, 73-81). However, these additional allegations do not in any way support an inference that Plaintiff's EEO activity *caused* Hoban-Moore's decision to impose a five-day suspension and reassignment. Taking the allegations as true, *at most*, they support an inference that the Plaintiff's EEO activity, combined with knowledge of Hoban-Moore's pending decision, contributed to the alleged conspiracy by the Office of General Counsel to induce Plaintiff into retiring. But the allegations in no way show the reverse—that the Office of General Counsel's knowledge of Hoban-Moore's plans and/or its role in the dissemination of false retirement information to Plaintiff *caused* Hoban-Moore's decision.

Accordingly, because Hoban-Moore's decision is the only adverse action still at issue in connection with this retaliation claim, the proposed additional allegations add nothing to the viability of that claim. This retaliation claim is no more viable than it was when the Court resolved the Motion for Judgment on the Pleadings, dismissing the retaliation claim in all respects. That is, because the additional allegations do not add *anything* material regarding connections between Plaintiff's EEO activity and the adverse action at issue (the suspension and reassignment) beyond the allegations encompassed in the original Complaint, the amended retaliation claim would fail for the same reasons that it failed when the Court evaluated the original Complaint.

In sum, none of the additional allegations allow an inference that Plaintiff's EEO activity caused Hoban-Moore's decision to impose a five-day suspension and reassignment. Therefore, there is no reason to disturb the Court's prior conclusion that "Plaintiff ha[d] not plausibly alleged that retaliation for his protected activity was the but-for cause of his suspension and reassignment." *Jones*, 2016 WL 777917 at *12. As a result, the Court concludes that the proposed amendment to the retaliation claim regarding the five-day suspension and reassignment is futile, and there is no basis to reinstate the retaliation claim as to the five-day suspension and reassignment.

\* \* \*

In sum, because all of the proposed amendments to the complaint would be futile, and because Plaintiff has provided no basis to alter its prior decision to dismiss the retaliation claim, the Court denies, in all respects, Plaintiff's Motion for Leave to Amend Complaint.

### IV. CONCLUSION and ORDER

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's [24] Motion for Leave

to Amend Complaint is DENIED.

It is further **ORDERED** that Defendant's [33] Motion for Leave to File Surreply is DENIED.

It is further **ORDERED** that Plaintiff's [37] Motion to Strike Surreply is DENIED AS MOOT.

As Defendant has already filed an Answer to the Complaint, the Court will set a date for an Initial Scheduling Conference by a separate Order.

Dated: August 11, 2016

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge